UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, AND COSTS, AND CLASS REPRESENTATIVE INCENTIVE PAYMENT (DKT. 43)**

**I.    Introduction**

Terry Valentine ("Plaintiff," or "Valentine") brought this putative class action in the Los Angeles Superior Court against Rehabilitation Center of Santa Monica Holding Company GP, LLC, Rehabilitation Center of Santa Monica Operating Company, LP, Mariner Health Care Management Company, Mariner Health Care, Inc., Mariner Health Central, Inc., and fictitiously named parties ("Defendants"). Dkt. 1-1. The complaint, which was filed on December 21, 2018 ("Complaint"), remains the operative one.

The Complaint advances claims on behalf of a putative class under the Fair Credit Reporting Act ("FCRA"), California's Investigative Consumer Reporting Agencies Act ("ICRAA"), and California's Unfair Competition Law ("UCL"). The claims relate to the propriety of a background check disclosure and authorization form that Plaintiff and similarly situated persons allegedly signed when they applied for employment with Defendants. The putative class claims in the Complaint are as follows:

   i.   Failure to make proper disclosure in violation of the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i);
  ii.   Failure to obtain proper authorization in violation of the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(ii);
 iii.   Failure to provide a copy of the background check, in violation of the ICRAA, Cal. Civ. Code § 1786; and
 iv.   Violation of the UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*

The parties participated in a mediation with a private neutral where they reached a settlement. They then filed a joint motion for preliminary approval of class action settlement ("Motion for Preliminary Approval" (Dkt. 34)) on December 23, 2019. The Motion for Preliminary Approval was heard on February 3, 2020. Plaintiff's counsel filed supplemental materials following the hearing. On May 4, 2021, the Motion for Preliminary Approval was granted in part, subject to the modifications set forth in the Order (the "Preliminary Approval Order" (Dkt. 42)). That Order is incorporated here by this reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
|---|---|---|---|
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

On August 30, 2021, Plaintiff filed the Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, and Costs, and Class Representative Incentive Payment (the "Motion" or "Motion for Final Approval" (Dkt. 43)). Defendants did not oppose the Motion.

A hearing on the Motion was held on December 6, 2021. The Motion was granted in part, with this written order to follow. For the reasons stated at the hearing and in this Order, the Motion was **GRANTED IN PART**.

**II.    Summary of Settlement Agreement and Notice**

     A.    Class Definitions

Under the class action settlement agreement (the "Settlement Agreement" (Dkt. 40 at 5-54)), the Class is defined as follows:

> "Class" refers to all individuals on whom Defendants obtained a consumer report between December 21, 2013 and July 1, 2017. As of July 1, 2017, the Parties agree that Defendants' disclosures and procedures for seeking consumer reports comply with all requirements under California and federal laws.

Settlement Agreement § 1.5.

The parties agree that all Class Members were employed, or were considered for employment, in California. Dkt. 38 at 1.

     B.    Summary of the Settlement Agreement and Preliminary Approval Amount

The Preliminary Approval Order includes a detailed summary of the Settlement Agreement. Dkt. 42 at 2-6. The financial terms of the Settlement Agreement are summarized in the following table:

|  | Amount | Percent of GSA |
|---|---|---|
| **Gross Settlement Amount ("GSA")** | **$950,000.00** | **100%** |
| Attorney's Fees | ($237,500.00) | 25.00% |
| Litigation Costs | ($15,000.00) | 1.58% |
| Incentive Award to Named Plaintiff | ($10,000.00) | 1.05% |
| Settlement Administration Costs to Simpluris, Inc. | ($40,000.00) | 4.21% |
| **Net Settlement Amount ("NSA")** | **$647,500.00** | **68.16%** |

*Id.* at 3.

     C.    Settlement Administration and Final Requested Amounts

The Settlement Agreement provides for the allocation of up to $40,000 to cover the cost of settlement administration. Dkt. 40 at 29. The Preliminary Approval Order granted the request that Simpluris be appointed as the settlement administrator (the "Settlement Administrator") and approved the requested allocation of $40,000 to settlement administration costs. Dkt. 42 at 14-15, 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

The Settlement Agreement proposed a class representative enhancement of $10,000. *Id.* at 3. The Preliminary Approval Order approved a reduced class representative enhancement of $6500, without prejudice to renewed consideration upon submission of new or additional information in connection with the anticipated Motion for Final Approval. *Id.* at 21.

The Preliminary Approval Order concluded that an attorney's fees award of $237,500 was reasonable for purposes of preliminary approval. *Id.* at 21. It noted that a review of the hours worked suggested the lodestar calculation could warrant some reductions and stated that the attorney's fees award would be reviewed de novo in connection with the anticipated Motion for Final Approval. *Id.*

The requested award of litigation costs was not assessed in the Preliminary Approval Order. In the Motion for Final Approval, Plaintiff's counsel seek approval of $15,000 in litigation costs. Dkt. 43-2 at 10.

The deductions from the GSA requested in the Motion for Final Approval are summarized in the following table:

| | Amount | Percent of GSA |
|---|---|---|
| **Gross Settlement Amount ("GSA")** | **$950,000.00** | **100%** |
| Attorney's Fees | ($237,500.00) | 25.00% |
| Litigation Costs | ($15,000.00) | 1.58% |
| Incentive Award to Named Plaintiff | ($10,000.00) | 1.05% |
| Settlement Administration Costs to Simpluris, Inc. | ($40,000.00) | 4.21% |
| **Net Settlement Amount ("NSA")** | **$647,500.00** | **68.16%** |

    D.    Notice to Class Members

Timely notice of the settlement was provided to Class Members by the Settlement Administrator. Dkt. 43-5 ¶¶ 8-9 (Declaration of Zach Cooley ("Cooley Decl.")). On June 2, 2021, counsel for Defendants provided the Settlement Administrator with a mailing list that included the name, last known address, Social Security Number, and pertinent employment information during the Class Period for each Class Member (the "Class List"). *Id.* ¶ 6. On June 22, 2021, after updating the mailing addresses on the Class List, the Settlement Administrator mailed the court-approved notice (the "Class Notice") to 4560 Class Members on the Class List. *Id.* ¶ 8. Class members were advised that the deadline for objecting or opting out was August 21, 2021. Dkt. 43-5 at 12, 14.

The Class Notice provided a concise explanation of the terms of the Settlement Agreement, explained why the notice was being sent, stated the history of this action and the claims that have been advanced, summarized the financial terms of the Settlement, and explained what rights would be released by Class Members who participated in the Settlement. Class Notice, Dkt. 43-5 at 14-18. The Class Notice also stated that, if in response to the Class Notice a Class Member elected to take no action, that person would remain in the Class. However, the person could affirmatively elect to opt out of the settlement or submit an objection to it. *Id.*

The Class Notice was sent by first Class Mail. Cooley Decl. ¶ 8. When the Class Notice sent to any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

Class Member was returned as undeliverable, the Settlement Administrator performed a skip trace to seek to locate a current address for that person. *Id.* ¶ 9. By doing so, the Settlement Administrator located 715 updated addresses and promptly sent the Class Notice to those Class Members at those addresses. *Id.* Of the notices, 42 were ultimately determined to be undeliverable because the Settlement Administrator was unable to locate current addresses for these persons. *Id.* As of August 26, 2021, the Settlement Administrator received 17 valid requests for exclusion and no objections.[1] *Id.* ¶¶ 10-11.

### III.     Analysis

#### A.     Class Certification

The Preliminary Approval Order analyzed whether conditional certification of the Settlement Class was appropriate. Dkt. 42 at 6-11. That analysis, which was incorporated by the earlier reference, determined that it was. The analysis of the relevant factors and the resulting outcome have not changed, except for the estimated number of class members.

Rule 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). Although there is no specific numeric requirement, courts generally have found that a class of at least 40 members is sufficient. *See Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).

The parties now estimate that the number of Class Members is 4560, fewer than the estimate of 5597 made at the time of the Motion for Preliminary Approval. Dkt. 43-3 ¶ 25 (Declaration of Graham S. P. Hollis ("Hollis Decl.")). The new estimate of the class size meets the numerosity requirement.

Therefore, the Motion for Final Approval is **GRANTED** as to certification of the Settlement Class.

#### B.     Final Approval of the Settlement Agreement

##### 1.     Legal Standards

Rule 23(e) requires a two-step process in considering whether to approve the settlement of a class action. Fed. R. Civ. P. 23(e).

*First*, in the preliminary approval process, a court must make a preliminary determination whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). At this stage, "the settlement need only be *potentially* fair." *Id.*

*Second,* if preliminary approval is granted, class members are notified and invited to make any objections. Upon reviewing the results of that notification, a court makes a final determination as to

---

[1] One request for exclusion was rescinded by the class member who initially submitted the request. *Id.* ¶ 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

whether an agreement is "fundamentally fair, adequate, and reasonable." *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). A court is to consider and evaluate several factors as part of its assessment of a proposed settlement. The following non-exclusive factors are among those that may be considered during both the preliminary and final approval processes:

    (1) the strength of the plaintiff's case;
    (2) the risk, expense, complexity, and likely duration of further litigation;
    (3) the amount offered in settlement;
    (4) the extent of discovery completed and the stage of the proceedings;
    (5) the experience and views of counsel;
    (6) any evidence of collusion between the parties; and
    (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000).

Each factor does not necessarily apply to every settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). As noted, in determining whether preliminary approval is warranted, a court is to decide whether the proposed settlement has the potential to be deemed fair, reasonable and adequate in the final approval process. *Acosta*, 243 F.R.D. at 386.

Fed. R. Civ. P. 23(e), which was recently amended, provides further guidance as to the requisite considerations in evaluating whether a proposed settlement is fair, reasonable and adequate. It states that a court must consider whether:

    (A) the class representatives and Plaintiff's counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3);[2] and
    (D) the proposal treats class members equitably relative to each other.

---

[2] Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

Fed. R. Civ. P. 23(e)(2).

The factors set forth in Rule 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. *See* Advisory Committee Comments to 2018 Amendments to Rule 23. As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. *Id*.

    2.    <u>Application</u>

The Preliminary Approval Order analyzed many of the relevant factors. Dkt. 42 at 11-15. None of the facts and circumstances as to any of them has changed. However, because the Settlement Administrator has completed the notice process, the reaction of Class Members to the Settlement Agreement may now be considered in evaluating whether it is fair and appropriate.

Of the approximately 4518 Class Members[3] who received notice of the Settlement Agreement, only 17 opted out, and none objected. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys "R" Us-Del., Inc. – Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (collecting cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (quoting *Nat'l Rural Telecomms. Corp.*, 221 F.R.D. at 528-29) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). Therefore, this factor weighs in favor of granting final approval.

Because there have been no material changes with respect to any of the relevant circumstances since the Preliminary Approval Order, its determinations are adopted at this time with respect to the fairness analysis. Therefore, the distribution of the Gross Settlement Fund in the manner set forth in the Preliminary Approval Order is approved subject to the terms of this Order.

    C.    Enhancement Award for Named Plaintiff

    1.    <u>Legal Standards</u>

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

> 1) [T]he risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

---

[3] The Settlement Administrator mailed 4560 notices to class members; as noted, 42 of these remain undeliverable. Cooley Decl. ¶¶ 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
|---|---|---|---|
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

  2. <u>Application</u>

The Motion for Preliminary Approval sought approval of a class representative enhancement award of $10,000. *See* Dkt. 42 at 21. The Preliminary Approval Order noted that Plaintiff had spent approximately 45 hours on the litigation. *Id.* It was determined that a $10,000 award, which would result in an hourly rate of $222.22, was "not justified, particularly in light of the pro rata recovery to Class Members." *Id.* It was determined that "an incentive award of $6500 is more appropriate." *Id.* Nonetheless, the Preliminary Approval Order stated that the enhancement award "may be reviewed anew in connection with the anticipated motion for final approval, based on any new evidence as well as the reaction of Class Members to the settlement." *Id.*

In the Motion for Final Approval, Plaintiff again requests an enhancement award of $10,000. Dkt. 43-2 at 12-14. Plaintiff argues that the Preliminary Approval Order misstated the record, as Plaintiff in fact spent 59.5 hours working on the case, not 45 hours as stated in the Preliminary Approval Order. Dkt. 43-2 at 12; Dkt. 43-3 at 48. Plaintiff is correct. Dkt. 43-3 at 48. The Plaintiff also submitted a declaration in support of the Motion, which provided that Plaintiff estimates she spent approximately 60 hours working with her attorneys since first contacting them in June 2017. Dkt. 43-4 ¶ 28 (Declaration of Terry Valentine (the "Valentine Decl.")).[4]

In light of the substantial time Plaintiff has invested in the matter, an award of $8500 is justified. Applying the 59.5 hours worked to this amount results in an hourly rate of $142.86. Assuming 60 hours were worked, the amount would result in an hourly rate of $141.67. Plaintiff was deposed, worked closely with Plaintiff's counsel, assisted in the preparation of pleadings, provided factual information and assisted in identifying potential witnesses. Dkt. 43-3 at 37-38. Accordingly, the enhancement award of $8500 to the named Plaintiff is approved as reasonable.

  D. Fees and Costs Award

    1. <u>Legal Standards</u>

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Id.* "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

---

[4] One sentence in the Preliminary Approval Order misstated Plaintiff's gender. Dkt. 42 at 21. The Court regrets this inadvertent error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01300 JAK (JC) | Date | December 20, 2021 |
|---|---|---|---|
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. | | |

    2.    <u>Application</u>

Plaintiff's counsel renew their request for an award of $237,500 in attorney's fees. Dkt. 43-2 at 5. The Preliminary Approval Order analyzed the reasonableness of this amount under both the percentage method and the lodestar method. Dkt. 42 at 16-21. That analysis, which has been incorporated into this Order, questioned the reasonableness of a large number of attorneys and paralegals working on certain matters, which may have been inefficient given the small amount of time some of them worked. *Id.* at 21. Additionally, the rates charged for senior paralegals and law clerks were determined to require an additional assessment based on details about their respective levels of training and experience. *Id.* at 17. It was also noted that some of the categories of tasks provided in the documents submitted in support of the Motion for Preliminary Approval were unclear. *Id.* Nonetheless, it was determined that "even if the lodestar calculation were adjusted downward in light of these adjustments, it would still be close to the 25% benchmark." *Id.* at 21. Thus, the Preliminary Approval Order concluded that the lodestar cross-check supported the view that the $237,500 award was reasonable for purposes of preliminary approval. *Id.*

Under the percentage method, the request by Plaintiff's counsel of $237,500 is 25% of the Gross Settlement Fund. This allocation comports with the 25% "benchmark award" that is applied within the Ninth Circuit. *See Staton*, 327 F.3d at 968.

In support of the Motion for Final Approval, Plaintiff's counsel provided final summary tables of the hours worked on this matter, which adjust the total hours to 483.9, and the corresponding lodestar fee to $252,203.50. Hollis Decl. ¶ 78; *see* Dkt. 43-3 at 91-99. As was determined in the Preliminary Approval Order, the rates charged by Plaintiff's attorneys in this matter are "not unreasonable." Dkt. 42 at 17. The summary tables provide additional descriptions for the categories of tasks performed. Dkt. 43-3 at 92-95. Counsel also provided additional details concerning the training and experience of "Senior Paralegals" and law clerks, respectively. Hollis Decl. ¶ 83.

A de novo review of the rates for law clerks and senior paralegals, as well as the additional details concerning their respective training and experience, shows that the $252,302.50 lodestar calculation could warrant a slight reduction. However, as was determined in the Preliminary Approval Order, a downward adjustment of the lodestar calculation in light of those adjustments would still lead to an amount close to the 25% benchmark. Therefore, the lodestar cross-check supports the view that the attorney's fee request of $237,500 is reasonable. In light of the positive results that were obtained for the Class, the financial risks Plaintiff's counsel assumed by working on a contingency basis, the absence of any objections and the reasonableness of the benchmark award, an award of $237,500 is approved.

A review of the requested costs shows that they are reasonable and adequately supported by detailed records. Hollis Decl. ¶¶ 93-100 (claiming $16,232.79 in costs). Although Plaintiff's counsel claims total litigation costs in the amount of $16,232.79, counsel requests only $15,000 in costs, as provided in the Settlement Agreement. Dkt. 43-2 at 9-10. Therefore, an award of litigation costs in the amount of $15,000 is approved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. | LA CV19-01300 JAK (JC) |
| Date | December 20, 2021 |
| Title | Terry Valentine v. Rehabilitation Center of Santa Monica Holding Company GP, LLC, et al. |

### IV.  Conclusion

For the reasons stated in this Order, the Motion is **GRANTED IN PART**, *i.e.,* as modified by the terms of this Order. The final settlement amounts are summarized in the following table:

| | Amount | Percent of GSA |
|---|---:|---:|
| **Gross Settlement Amount ("GSA")** | **$950,000.00** | **100%** |
| Attorney's Fees | ($237,500.00) | 25.00% |
| Litigation Costs | ($15,000.00) | 1.58% |
| Incentive Award to Named Plaintiff | ($8500.00) | 0.89% |
| Settlement Administration Costs to Simpluris, Inc. | ($40,000.00) | 4.21% |
| **Net Settlement Amount ("NSA")** | **$649,000.00** | **68.32%** |

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | ha |